# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REGINA J. FOX, an individual,<br><br>                              Plaintiff,<br>v.<br><br>STEEPWATER LLC dba SUSHI BLUE,<br><br>                              Defendant. | MEMORANDUM DECISION AND ORDER DENYING SHORT FORM MOTION TO COMPEL<br><br>Case No. 2:16-CV-796 BCW<br><br>Magistrate Judge Brooke Wells |

Before the court is Defendant, Steepwater LLC dba Sushi Blue's Motion to Compel Plaintiff Regina Fox to provide complete responses to Interrogatories 9 and 10.[1] As set forth below the court will deny the motion.

This action is brought under Title VII of the Civil Rights Act of 1964. Defendant Sushi Blue operates a restaurant in Park City, Utah. Ms. Fox was an employee of Sushi Blue when alleged acts of discrimination and sexual harassment occurred. Specifically, Ms. Fox claims an employee of Sushi Blue, Mike Hohl who was her supervisor, made "sexual jokes and comments to Plaintiff and her co-workers" and grabbed "her breast while they were on store premises during her work shift."[2] Mr. Hohl's actions created a hostile work environment and after reporting the misconduct Ms. Fox suffered retaliation.

Defendant issued Interrogatories 9 and 10 seeking "information about Fox's post-Sushi Blue employment, her efforts to obtain other employment, and reasons for any unemployment or intermittent employment."[3] Interrogatory 9 states:

---

[1] Docket no. 15

[2] Complaint ¶¶ 4-5.

[3] Mtn. p. 1.

Identify (by name of employer, address, job title, supervisor, relevant dates of employment, amount of compensation paid to you and reason employment ended), all jobs you have held since the time your employment with Defendant ended. If you have not worked or have only worked intermittently, please explain why.[4]

Interrogatory 10 states:

Identify (by name of prospective employer, address, job title, dates, compensation, etc.), all efforts you have made to obtain another job since the time your employment with Defendant ended and for any periods of unemployment please explain why you were unemployed.[5]

Plaintiff provided the following answers:

RESPONSE 9: Three Sisters Cleaning, Park City, UT, (646)705-2099, residential cleaning, supervisor Ashley Saerester, apprx. Jan 2016 – Dec 2016, 30 hours per week, $16.00 per hour Silver Services Group, LLC, 2175 Sidewinder Dr., Park City, UT 84060, residential cleaning, supervisor Kelly Smith, January 2017 - present, $40.00 per day part-time U.S. Forest Service - on call cleanup.

RESPONSE 10: Unknown[6]

Defendant has asserted a failure to mitigate defense[7] to Plaintiff's claims and requests the court to compel a "complete response to Interrogatory 9 by identifying all post-Sushi Blue employment (including employer names, addresses, job titles, supervisors, relevant employment dates, compensation, and the reason(s) employment ended), and by explaining why she has not worked or worked only intermittently."[8]  Defendant further argues Plaintiff failed to even respond to Interrogatory number 10 and needs to describe any efforts she made to obtain other jobs after leaving Sushi Blue.

---

[4] Defendant's First Set of Interrogatories and Requests for Production of Documents, p. 7, docket no. 15-1.

[5] *Id.*

[6] Op. p. 2-3, docket no. 16.

[7] *See EEPC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980) (noting that employees claiming entitlement to back pay and benefits <u>are required</u> to make reasonable efforts to mitigate damages).

[8] Mtn. p. 2.

Although Plaintiff's response to Interrogatory 10 is basically nothing, Plaintiff has made responses under oath and has offered to supplement responses if information is located.[9] Such a supplement will be ordered, but the current responses are not so lacking that the court will compel further detail. The court agrees with Plaintiff's position that she is bound by her responses and Defendant "may not dictate the format or express content of the responses."[10] If after supplementation they are still unsatisfactory to Defendant's desires, then the parties are to further meet and confer and Defendant may pursue other discovery mechanisms, such as a deposition, to obtain further information. "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."[11] So ultimately at a later point in this case or at trial, a lack of sufficient detailed discovery responses may end up severely hurting Plaintiff's case.[12]

Accordingly, Defendant's Motion to Compel is DENIED. It is FURTHER ORDERED that Plaintiff is to provide a supplemental response to both interrogatories within thirty (30) days.

IT IS SO ORDERED.

DATED this 12 December 2017.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[9] *See* op. p. 2.

[10] *Id.* p. 3.

[11] 42 U.S.C. § 2000e-5(g)(1).

[12] *See e.g., Hopkins v. J.C. Penney Co.,* 227 F.R.D. 347, 354, 2004 WL 3322371 (D. Kan. 2004) (dismissing an action alleging sex discrimination and retaliation after the plaintiff's repeated failures in providing discovery).