IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REGINA J. FOX, an individual,<br><br>Plaintiff,<br>v.<br><br>STEEPWATER LLC dba SUSHI BLUE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS<br><br>Case No. 2:16-cv-796 BCW<br><br>Magistrate Judge Brooke Wells |

Pending before the court are two motions from Defendant Steepwater LLC dba Sushi Blue (Sushi Blue). First, Sushi Blue seeks sanctions for the failure by Plaintiff Regina Fox, to provide handwritten notes of conversations held with Sushi Blue employees about her alleged sexual harassment.[1] Ms. Fox testified she accidently threw the notebook away that contained these notes and Sushi Blue seeks spoliation sanctions. Second, Sushi Blue seeks discovery sanctions for Ms. Fox's inability to support her damage calculations with proper documentation.[2] Ms. Fox deducts $24,000 from her annual earnings to arrive at her net lost earnings, but did not keep any documentation supporting this amount.

The court heard arguments on Defendant's motions. Michael Smith represented Plaintiff and Mark Tolman represented Defendant. As set forth below, the court will grant in part and deny in part these motions.

---

[1] Docket no. 21.
[2] Docket no. 22.

# BACKGROUND

This case is brought under Title VII of the Civil Rights Act of 1964.[3] Ms. Fox alleges sexual harassment, discrimination and retaliation against her former employer Sushi Blue. Plaintiff worked as a server for Sushi Blue and began her employment on approximately March 15, 2015.[4] Mike Hohl was Ms. Fox's supervisor and or manager. Ms. Fox alleges that during her employment Mr. Hohl made "sexual jokes and comments" to her and her co-workers during work hours.[5] In May 2015 Mr. Hohl allegedly took things a step further and "sexually assaulted plaintiff by grabbing her breast while they were on store premises during her work shift"[6]

Ms. Fox complained of Mr. Hohl's behavior to other management personnel including Lauren Drolet, Mike Lewis, Mary Potts and Matt McMillen. Despite these complaints, supposedly nothing changed. Mr. Hohl then retaliated at Ms. Fox by instructing others not to speak to her because "she was sexual harassment crazy."[7] In August of 2015, Sushi Blue refused to terminate or reassign Mr. Hohl and gave Plaintiff the options of "working very limited part-time hours only two days per week," or "transferring to a different restaurant" affiliated with Sushi Blue.[8] Finding the response of Defendant unacceptable, Plaintiff left Sushi Blue and later filed a charge of discrimination with the Equal Employment Opportunity Commission. This suit followed.

---

[3] *See* 42 U.S.C. §2000e, *et seq.*
[4] Amended Complaint ¶4, ECF No. 4.
[5] *Id.*
[6] *Id.* ¶5.
[7] *Id.* ¶7.
[8] *Id.* ¶8.

## DISCUSSION

### I. Defendant's Motion for Spoliation Sanctions due to the lost notebook

Ms. Fox alleges a meeting was held in July 2015 with a supervisor, Lauren Drolett, and a coworker who accompanied Ms. Fox, Tara McDonald. At this meeting Ms. Fox complained about sexual harassment, the working environment and her treatment by Mr. Hohl. During her deposition Ms. Fox testified she took notes about this meeting. According to Ms. Fox's testimony, these notes included details of the meeting and "would have reflected the conversation" held with Ms. Drolett in July 2015.[9] Ms. Fox testified that near the end of the year in 2016 she threw away the notebook, which contained these handwritten notes, when she moved.[10] Ms. Fox's explanation for discarding the notes is that she "didn't see those as documents."[11] And, Ms. Fox stated she was not aware that parties to a lawsuit have an obligation to preserve relevant documents.[12]

Defendant seeks sanctions for the loss of these notes. Specifically, Defendant seeks dismissal or, in the alternative, an order precluding testimony from Ms. Fox about alleged complaints to management prior to August of 2015. Ms. Fox is the only person who had notes from this July meeting and her throwing out those notes is prejudicial to Defendant's defenses.[13] In support of these arguments Defendant attaches declarations from Lauren Drolett and Tarra McDonald, both of whom were allegedly involved in this meeting. Ms. Drolett and Ms.

---

[9] Transcript p. 275, ECF No. 21-1.
[10] *Id.* p. 273.
[11] *Id.*.
[12] *Id.* p. 243.
[13] *See, Helm v. Kansas*, 656 F.3d 1277, 1285 (10th Cir. 2011) (noting the elements of the *Faragher/Ellerth* defense to a sexual harassment claim: "The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.") (internal citations omitted); *Faragher v. City of Boca Raton*, 524 U.S. 775, 808, 118 S. Ct. 2275, 2293, 141 L. Ed. 2d 662, 77 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270, 141 L. Ed. 2d 633, 77.

McDonald do not recall the July meeting and both declare they do not have any recollection of Sushi Blue employees—including Ms. Fox—complaining about sexual harassment.[14]

In response, Plaintiff contends there is evidence from all the parties that attended this meeting and whether there are notes about it should not preclude testimony from those individuals. Further, this case is not on the eve of trial and given its current posture, it is not proper to raise what is in essence a motion in limine. In addition, the notes are irrelevant for strict liability purposes and such an undue burden of preservation should not be placed on Plaintiff due to her age and the fact that, "it was about me surviving" not conspiring for litigation purposes.[15]

Courts have inherent powers to control the judicial process and litigation.[16] This includes power to impose sanctions for a failure to abide by court orders or for spoliation of evidence.[17] Spoliation of evidence is "'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'"[18] Thus, spoliation is both the destruction of evidence and/or the failure to preserve evidence.

"If spoliation has occurred, a court may impose a variety of sanctions including dismissal, judgment by default, preclusion of evidence, imposition of an adverse inference, or

---

[14] ECF No. 21-3, ECF No. 21-4.
[15] Transcript p. 243.
[16] See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., 685 F. Supp. 2d 456, 462–63 (S.D.N.Y. 2010), abrogated by Chin v. Port Auth. of New York & New Jersey, 685 F.3d 135, 115, 2012 WL 2760776.
[17] For example, the court has authority to sanction a litigant who "fails to obey an order to provide or permit discovery" under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. And Rule 37 provides that sanctions may include, among others, "striking pleadings in whole or in part," "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(iii), (v), (vi).
[18] Asher Assocs. v. Baker Hughes Oilfield Operations, No. 07-cv-01379, 2009 WL 1328483, at *5 (D. Colo. May 12, 2009) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)).

assessment of attorney's fees and costs."[19]  "The severity of the sanction selected should be a function of and correspond to the willfulness of the spoliator's destructive act and the prejudice suffered by the non-spoliating party."[20]  Thus, a finding of bad faith is needed for the extreme sanction of dismissal.[21]  Lessor sanctions, however, are available without a showing of bad faith.[22]   Spoliation sanctions are proper when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."[23]

### (i)     Plaintiff had a duty to preserve the evidence

"[L]itigants have a duty to preserve documents or materials ... that may be relevant to ongoing and potential future litigation."[24]  Usually, "the duty to preserve is triggered by the filing of a lawsuit, but that duty may arise even before a lawsuit is filed if a party has notice that future litigation is likely."[25]  For future litigation to be considered imminent there must be "more than a mere possibility of litigation."[26]

Here, Defendant asserts the duty to preserve arose no later than March 2016 when Ms. Fox retained an attorney and filed an EEOC charge.  The court agrees.  Based on the facts of this

---

[19] *Jones v. Norton*, No. 2:09-CV-730-TC, 2014 WL 909569, at *1 (D. Utah Mar. 7, 2014); *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 506 (D.Md.2009); *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 191 (S.D.N.Y. 2007).
[20] *United States v. Koch Indus.*, 197 F.R.D. 463, 483 (N.D. Okla. Aug. 6, 1998).
[21] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10h Cir. 2011) (noting that a dismissal or entry of default order should be predicated on "willfulness, bad faith or [some] fault" (citations omitted).
[22] *Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008) ("The court, of course, may impose lesser sanctions absent a finding of bad faith."); *Estate of Trentadue v. United States*, 397 F.3d 840, 862 (10th Cir.2005) ("The district court has discretion to fashion an appropriate remedy depending on the culpability of the responsible party and whether the evidence was relevant to proof of an issue at trial.")
[23] *Burlington N. & Santa Fe R. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).
[24] *Philips Elecs. N. Am. Corp. v. BC Technical*, 773 F. Supp. 2d 1149, 1196 (D. Utah 2011).
[25] *Id.*; *see also Asher Assocs*, 2009 WL 1328483, at *5.
[26] *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D.Colo.2007).

case,[27] the filing of an EEOC charge coupled with the assistance of an attorney at that time created a duty to preserve the notebook.[28] If it were otherwise counsel would have a perverse incentive to tell clients not to preserve evidence upon filing an EEOC charge. The court concludes Ms. Fox had a duty to preserve the notebook and failed to do so.

### (ii) Defendant is prejudiced by the destruction of the evidence

The court likewise concludes Defendant was prejudiced by Ms. Fox's failure to keep the notebook. Ms. Fox is the only person who had notes from the alleged July meeting and others who supposedly attended have no recollection of it occurring. The destruction of these notes is prejudicial to Defendant's ability to raise a *Faragher/Ellerth* defense.[29] If Ms. Fox had the notes Defendant could test their validity and the parties could present arguments as to their probative value. Without them, however, Plaintiff can point to their supposed existence in creating a nearly unsurmountable barrier to any motion for summary judgment.

### (iii) Other sanctions are warranted

Here, the record does not support a finding of bad faith based on Ms. Fox's testimony and the reasonably likelihood that the notebook was discarded inadvertently. The court therefore declines Defendant's request to enter dismissal as a sanction. Contrary to Plaintiff's arguments,

---

[27] *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621, (D. Colo. 2007) (noting the court's decision regarding the duty to preserve "must be guided by the facts of each case.")

[28] *See Hamilton v. Ogden Weber Tech. Coll.*, 2017 WL 5633106, at *2 (D. Utah Nov. 21, 2017) (finding that the defendant had a duty to preserve evidence when it received notice of plaintiff's EEOC charge); *Garcia v. City of Farmington*, 2016 WL 7438045, at *2 (D.N.M. July 5, 2016) (finding the first prong for spoliation had been met where recordings were made after the plaintiff filed her EEOC charge); *Grabenstein v. Arrow Elecs., Inc.*, 2012 WL 1388595, at *4 (D. Colo. Apr. 23, 2012) (finding the duty to preserve evidence triggered three days after the EEOC notice to defendant of the plaintiff's charge of discrimination); *McCargo v. Texas Roadhouse, Inc.*, 2011 WL 1638992, at *3 (D. Colo. May 2, 2011) (noting the well-established principle that a party has a duty to preserve evidence when a party "reasonably anticipates litigation.") *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("'While a litigant is under no duty to keep or retain every document in its possession ... it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.'") (quoting *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72, (S.D.N.Y. 1991)).

[29] *See* fn 13 *supra*.

however, the court may still consider lessor sanctions and it need not wait until the eve of trial to do so. The court is persuaded that the proper sanction is to preclude testimony from Ms. Fox about complaints to management prior to August 2015;[30] this includes the alleged meeting that took place in July.

## II. Defendant's Motion for Sanctions from the Missing Financial Information

Defendants seek sanctions for Ms. Fox's failure to preserve evidence concerning what she earned after leaving Sushi Blue. Such earnings may be used to offset any damages Ms. Fox seeks. At oral argument Defendant asserted that the earnings information has been sought from employers but was unobtainable because there are no employer records. According to Ms. Fox, the jobs she obtained after leaving Sushi Blue paid her in cash and there were no receipts.

Once again a spoliation analysis is applicable here. Spoliation sanctions are proper when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."[31] Having considered these two factors the court concludes they do not support the imposition of sanctions. The prejudice to Defendant is not as severe for the missing financial information as that of the lost notebook. Defendant may still question Ms. Fox about her earnings and there is some circumstantial evidence about the amounts. In contrast, the missing notebook does not have the same type of circumstantial evidence surrounding its contents.

Accordingly, the court will deny the request for spoliation sanctions as it relates to the missing financial information.

---

[30] *See United States v. Koch Indus.*, 197 F.R.D. at 483 ("The severity of the sanction selected should be a function of and correspond to the willfulness of the spoliator's destructive act and the prejudice suffered by the non-spoliating party.")
[31] *Burlington N. & Santa Fe R. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

**ORDER**

For the reasons set forth above, the court GRANTS in PART and DENIES in Part Defendant's Motions for Sanctions. Ms. Fox is precluded from offering testimony about complaints to management prior to August 2015. Testimony is not precluded, however, regarding the financial information.

IT IS SO ORDERED.

DATED this 14 May 2018.

Brooke C. Wells
United States Magistrate Judge