IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REGINA J. FOX, an individual,<br><br>Plaintiff,<br>v.<br><br>STEEPWATER LLC dba SUSHI BLUE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY<br><br><br>Case No. 2:16-cv-796 BCW<br><br>Magistrate Judge Brooke Wells |

Pending before the court is Plaintiff, Regina J. Fox's, Motion for Short Form Discovery.[1] Ms. Fox seeks to compel the production of a transcript of her deposition at a reduced cost. The undersigned heard argument on Plaintiff's motion on May 2, 2018, where Michael Smith represented Plaintiff and Mark Tolman represented Defendant. The court will deny the motion.

On February 20, 2018, Ms. Fox was deposed by Defense council Mr. Tolman. Amber Park, a court reporter from DepomaxMerit Litigation Services, recorded the deposition. Following the deposition Plaintiff's counsel sought to get an emailed or mailed copy of the transcript for Ms. Fox to review. The court reporter, which was obtained by Defendant, declined to provide a draft or final copy of the transcript without being paid and instead offered review of the transcript at Depomax's office for any editing purposes. The court reporter further responded that Ms. Fox needed to purchase the "full package" which cost $697.55. Plaintiff moves the court "for an order compelling defense counsel or court reporter Amber Park to provide plaintiff's counsel with a transcript of plaintiff's deposition, or to set the reasonable price thereof, pursuant to FRCP Rules 30 and 37 …."[2]

---

[1] Docket no. 25.

[2] Mtn. p. 1, ECF No. 25.

"The general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court."[3] Plaintiff offers no case law supporting her argument that the court should dictate the price for the transcript in this case. At oral argument, Plaintiff's counsel argued the court should apply its own federal court fee schedule for deposition transcripts that provides a maximum charge of .90 a page. According to Plaintiff, that would make the cost of the transcript approximately $252 instead of nearly $700. The problem, however as argued by Defendant, is the case law goes against providing deposition transcripts for free or presumably reduced costs.[4] In addition, Plaintiff fails to provide any evidence that the amount sought by the court reporter is not reasonable under Federal Rule 30.[5] Thus, even under the court's broad discretion, the court declines to mandate the cost of a transcript from a private party where unreasonableness has not been shown.

Finally, during oral argument Defendant sought sanctions for having to defend this motion. The court declines to enter sanctions on the present motion.

Accordingly, Plaintiff's motion is DENIED and Defendant's request for sanctions is also DENIED.

---

[3] *Schroer v. United States*, 250 F.R.D. 531, 537, 101 A.F.T.R.2d 2008-2551, 2008 WL 2037620 (D. Colo. 2008).

[4] *See, e.g., Arceo v. Salinas*, No. 211CV2396MCEKJNP, 2017 WL 4959590, at *2 (E.D. Cal. Nov. 1, 2017) (rejecting plaintiff's argument that defense counsel and the court reporter knew each other and that the plaintiff should be provided a deposition transcript without charge); *Picozzi v. Clark Cty. Det. Ctr.*, No. 215CV00816JCMPAL, 2017 WL 1023343, at *2 (D. Nev. Mar. 15, 2017) ("The discovery provisions of the Federal Rules do not entitle a plaintiff to a free copy of his deposition transcript."); *ALONZO JAMES JOSEPH, Plaintiff, v. T. PARCIASEPE, et al., Defendants.*, No. 214CV0414GEBACP, 2016 WL 2743448, at *4 (E.D. Cal. May 11, 2016) ("The court reporter is not required to provide plaintiff with a copy of his transcript until he has paid for a copy and defendant is not required to bear the cost of obtaining a copy of the transcript for plaintiff."); .

[5] *See Schroer*, 250 F.R.D. 531, 537 (noting that the plaintiff failed to provide "points and authorities concerning the reasonableness" of the fees charged and did not demonstrate "extenuating circumstances").

IT IS SO ORDERED.

DATED this 14 May 2018.

Brooke C. Wells
United States Magistrate Judge